**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**WADE A. WHISTLE, as attorney**              **PLAINTIFF**
**in fact for MARGARET WHISTLE MORRIS**

**v.**                    **2:08CV00037 BSM**

**DAVID H. ARRINGTON OIL & GAS INC.**          **DEFENDANT**

<u>**ORDER**</u>

Before the court is plaintiff Wade A. Whistle's motion to compel.

Defendant David H. Arrington Oil & Gas, Inc., asserts that, on March 25, 2009, plaintiff served defendant a Rule 30(b)(6) deposition notice requesting a deposition of defendant's representative and a notice of taking of trial testimony of defendant's 30(b)(6) representative. The notices contained requests for production of documents. On March 27, 2009, defendant served its objections to the notices, and supplemented those objections on April 9, 2009. Plaintiff responded to the initial objections on April 3, 2009. The parties agreed to go forward with the deposition on April 9, 2009, and all non-objectionable documents were produced at the deposition.

The deposition notice and trial testimony notice request the same documents, which are:

1.      A copy of all drafts used as payment for lease bonuses in the State of Arkansas that were dishonored or denied payment for the five (5) years preceding the date of the filing of this lawsuit.

2.      Copies of all lease documents in Phillips County, Arkansas and in any other county in the State of Arkansas that contain the identical language

to the lease documents at issue in this case (other than the names of the parties) where the drafts were honored or paid.

3.    All emails, letters, notes, internal memorandums or other correspondence related to the transaction at issue in this lawsuit.

As to requests 1 and 2, defendant asserts that the document requests do not comply with Federal Rule of Civil Procedure 34 because they does not allow defendant 30 days to comply with the request for production. Additionally, defendant asserts that the requests do not comply with the court's final scheduling order because the requests were not made sufficiently in advance of the discovery cutoff date of April 13, 2009, to allow for a timely response to the requests. The court's final scheduling order provides:

> Discovery should be completed no later than April 13, 2009. The parties may conduct discovery beyond this date if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response.

Doc. No. 9.

Defendant also asserts that the leases and drafts from unrelated transactions with unrelated third parties are not relevant and are not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant states that the validity of the draft and lease and the question of whether or not there was an enforceable agreement in this case depends upon the unambiguous wording of the draft in this case, not the language of drafts or leases in other cases.

Defendant further asserts that the request is unduly burdensome, oppressive, expensive, and unreasonable.  According to Monty Kastner, defendant's land manager, thousands of leases have been accepted and recorded in Arkansas in the past five years, and defendant has declined to accept hundreds of drafts.  *See* Ex. 4, Kastner aff., def.'s resp.  To produce the leases with identical language, defendant would be forced to do a line-by-line comparison of the documents, each of which are in separate files, and would take defendant employees days, if not weeks, to complete.  *Id*.  Kastner estimates that the number of documents involved to be between 20,000 and 30,000 pages.  Defendant also states that the "limitation" to the entire State of Arkansas for a five-year period is unreasonable.

As to request 3, defendant asserts that the request is so broad that it necessarily and impermissibly requests documents that fall within the attorney-client or attorney work-product privileges.  Defendant states that it has only withheld from production all communications between defendant, including employees and representatives of defendant, and their counsel, as well as work-product materials, such as attorney files, memoranda, spreadsheets, correspondence, e-mail correspondence, and other privileged documents and communications arising, occurring or created after defendant received demand from plaintiff's counsel and/or in anticipation of litigation.

Regarding the trial testimony notice, defendant reiterates the objections as stated above and asserts that there is no provision in the Federal Rules of Civil Procedure for such a notice or a request for production of documents under such a notice.

Plaintiff asserts that he is entitled to review the drafts and leases pursuant to Federal Rule of Evidence 612, which provides, "if a witness uses a writing to refresh memory for the purpose of testifying, either (1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." Plaintiff notes that Federal Rule of Civil Procedure 30(c)(1) provides, "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." During the deposition of David H. Arrington on April 9, 2009, Arrington testified as follows:

> Q.    Okay.  Did you review the records of drafts that were dishonored in Phillips County, Arkansas, or any other county in Arkansas, prior to coming here today?
> A.    Yes.
> Q.    Okay.  And what records did you review?
> A.    The – I forget what we call them.  Just – the records of the leases.
> Q.    Would that be one of these attachments to this e-mail, I think, in Exhibit 11, on this form – excuse me, it's Exhibit 12?
> A.    No.

Plaintiff also asserts that Arrington has more than 30 days to prepare the documentation prior to trial, and thus, the request is in compliance with Federal Rule of Civil Procedure 34, and that nothing in the court's final scheduling order prohibits him from subpoenaing witnesses and documents for trial pursuant to Federal Rule of Civil Procedure

45.  Plaintiff states that defendant voluntarily produced documents for the deposition that redacted clearly discoverable information.

Finally, plaintiff asserts that the leases and drafts are relevant to determine the validity of the agreement in the present case because the leases and drafts are likely to show that Arrington paid identical drafts and leases and viewed them as binding contracts, and that other lessors are potential witnesses.  Plaintiff states that he cannot obtain this information any other way.  Plaintiff also states that defendant is in the financial position to produce the documents, and that defendant has already prepared reports that contain the same information as the leases and the drafts, but redacted the information for other lessors in the copy provided to him.

Plaintiff's motion to compel is denied.  The court notes that it has granted summary judgment on the breach of contract claim in plaintiff's favor.  The requests for production contained in the deposition notices are not timely under the court's final scheduling order.  Furthermore, the court agrees that the requests are not reasonably calculated to lead to the discovery of admissible or relevant evidence.

Accordingly, plaintiff's motion to compel (Doc. No. 34) is denied.

IT IS SO ORDERED this 3rd day of June, 2009.


_____

UNITED STATES DISTRICT JUDGE